IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

H.C. BROWN, JR. #539187,  )
                                                    )
   Plaintiff,                               )
                                                    )
v.                                                    )      Case No. 3:16-cv-01557
                                                    )
DARRON HALL, et al.,               )      CHIEF JUDGE SHARP
                                                    )
   Defendants.                          )

## MEMORANDUM AND ORDER

H.C. Brown, Jr., an inmate of the Davidson County Criminal Justice Center in Nashville, Tennessee, has filed a *pro se* complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 6.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    **A.**    **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (ECF No. 6) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Davidson County Sheriff to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.    Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to

determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In his complaint (ECF No. 1), the plaintiff alleges that he is homosexual and that his fellow inmates are harassing him for sexual favors. After talking about this situation with Classification Manager Gentry, the plaintiff was moved to general population in another building, but was moved back to his original housing section two weeks later. The plaintiff alleges that he is again being harassed, and that although he has been informed that he would be moved again in the near future, "[t]he administration is just now addressing the matter." He alleges that he has been deprived of "the right to be put with people of my peers," and that he has been subjected to cruel and unusual punishment and a violation of his right to equal protection. In a statement submitted by the plaintiff, he alleges that Defendant Gentry has asked him to identify the inmates who are harassing him, but he has refused to do so. (ECF No. 5.)

The plaintiff does not have any constitutional right to be housed with "peers" or to any particular housing assignment. *Caderno v. Thorns*, 50 F. App'x 200, 201 (6th Cir. 2002) ("Inmates have no right to be housed in a particular institution or a particular part of an institution.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Although sexual orientation constitutes an "identifiable group" for equal protection purposes, *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012), the plaintiff has not alleged any facts indicating that jail officials have treated him less favorably than other similarly situated inmates due to his sexual orientation. He therefore has not stated any claim for violation of his rights to due process or equal protection.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners, *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994), and pretrial detainees like the plaintiff have rights under the Fourteenth Amendment that are analogous to those provided by the Eighth Amendment.[1] *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir.2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). However, "[a] prison official's duty ... is to ensure 'reasonable safety,' " not absolute safety. *Farmer*, 411 U.S. at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may therefore be held liable only for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw

---

[1] The Supreme Court has recently held that pretrial detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472–73 (2015), but that decision has not been held to apply to deliberate indifference cases.

the inference." *Id.* at 837. In this case, the plaintiff alleges nothing more than verbal harassment. He does not allege that he has suffered or been threatened with any physical violence or other serious harm.  He has thus failed to satisfy the "substantial risk of serious harm" element of a claim for deliberate indifference to his safety. *Guzman-Martinez v. Corr. Corp. of Am.*, No. CV-11-02390-PHX-NVW, 2012 WL 5907081, at *7 (D. Ariz. Nov. 26, 2012) ("Although the Amended Complaint alleges repeated verbal abuse and harassment, the alleged verbal abuse and harassment does not rise to the level of a substantial risk of serious harm to Plaintiff's health and safety."). The plaintiff therefore fails to state a claim for deliberate indifference.

The plaintiff's submissions do not establish any deprivation of federal rights. Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.

Kevin H. Sharp, Chief Judge
United States District Court